

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Wm. P. Davis
County Auditor
Ellis County
Waxahachie, Texas

Dear Sir:

Opinion No. O-7363

Re: Liability of the county for the
payment of account for feeding
prisoners in county jail who
are awaiting trial in corpora-
tion court.

We are in receipt of your letter of recent date request-
ing the opinion of this department on the above stated matter. We
quote from your letter as follows:

"When prisoners, arrested by City of Waxahachie
officers, are placed in the Ellis County jail, awaiting
trial in the City of Waxahachie Corporation Court, which
is legally liable to pay the Sheriff of Ellis County for
their feeding, the City of Waxahachie or the County of
Ellis?

"In other words under provisions of Art. 1040 or
any other statute, can Ellis County legally pay the Sher-
iff of Ellis County 75¢ per day (or any amount) for the
feeding of prisoners placed in the jail by officers of
the City of Waxahachie, when these prisoners are not
charged with any offense in any precinct, county of dist-
rict court, but are charged in Corporation Court of the
City of Waxahachie?

"When convicted these city prisoners pay fines into
City of Waxahachie funds and Ellis County receives noth-
ing for their maintenance and board while in the Ellis
County jail."

Among the powers granted to commissioners' courts is that
of providing for jails for their respective counties. (Arts. 2351
and 5115, V.A.C.S.) Article 5116, V.A.C.S., designates the sheriff
as the keeper of the jail of his county, and it is his duty to
"keep therein all prisoners committed thereto by lawful authority,
subject to the order of the proper court." Article 5117 authorizes

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

585

Hon. Wm. P. Davis - Page 2Hon. Wm. P. Davis - Page 2

the sheriff to receive prisoners from the United States Marshal and provides that said Marshal is liable to the sheriff for the jail fees and other expenses of keeping such prisoners. Article 5118 deals with the sheriff's keeping of prisoners from other counties and authorizes him to recover from such other county the expenses attending the safekeeping os such prisoners. Article 1040, C.C.P., sets forth the sheriff's allowances for the safekeeping, support, and maintenance of prisoners confined in the county jail.

We note that a city, as a municipal corporation, is authorized by law to enact and administer its own ordinances and to provide for the punishment of violations thereof. From information furnished by the office of the Secretary of State, we find that Waxahachie is a home rule city and that under the provisions of Article 1175 such cities are authorized to provide for city jails. We further call to your attention the following statutory provisions:

**Article 870, V.A.C.C.P.**

"All process issuing out of a corporation court shall be served by a policeman or marshal of the city, town or village within which it is situated, under the same rules as are provided by law for the service by sheriffs and constables of process issuing out of the justice court, so far as applicable. Each defendant shall be entitled to at least one day's notice of any complaint against him, if such time be demanded."

Article 871, V.A.C.C.P.

"When the defendant in such cases is committed to custody, he shall be committed to the custody of the chief of police or city marshal of such city, town or village, to be held by him in accordance with the ordinance providing for the custody of prisoners convicted before such corporation court."

Article 872, V.A.C.C.P.

"The governing body of each incorporated city, town or village shall by ordinance prescribe such rules, not inconsistent with any law of this State, as may be proper to enforce, by execution against the property of the defendant, or imprisonment of the defendant,

Hon. Wm. P. Davis - Page 3

the collection of all costs and fines imposed by
such court, and shall also have power to adopt such
rules and regulations concerning the practice and
procedure in such court as said governing body may
deem proper, not inconsistent with any law of this
State. All such fines shall be paid into the city
treasury for the use and benefit of the city, town or
village."

We note that under the foregoing provisions, any process
issuing out of corporation court is served by a policeman or marshal
of the city, and the defendant in such case, when committed to cus-
tody, is committed to the custody of the chief of police or city
marshal of such city, and said officer is required to hold such pris-
oner in accordance with the ordinance providing for the custody of
prisoners convicted before such corporation court. In view of the
foregoing, it is our opinion that a prisoner who is awaiting trial
in a case in corporation court, who by law should be committed to the
custody of city officers to be held in accordance with a city ordi-
nance, does not constitute a prisoner who, under requirement of law,
shall be committed to the sheriff's custody and held in the county
jail. Although we find statutory provisions with reference to the
safekeeping and maintaining of Federal prisoners in county jails as
well as prisoners from other counties, we are unable to find any pro-
vision which authorizes the county or the sheriff thereof to keep and
maintain prisoners awaiting trial in corporation court. Since a de-
fendant in a case in corporation court, when committed to custody, is
by law committed to the custody of city officers to be held by them
in accordance with city ordinance, and since a city is authorized to
provide for a city jail, it is our opinion that the matter of safe-
keeping and maintaining such prisoners is the responsibility of the
city. Furthermore, we are unable to find any statute authorizing the
county or any of its officers to contract with the city for the keep-
ing and maintaining of prisoners awaiting trial in corporation court.

In view of the above and foregoing, and in view of the facts
submitted, it is our opinion that the county commissioners' court is
not legally authorized to pay a claim for feeding prisoners who are
awaiting trial in corporation court.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 17, 1949

ATTORNEY GENERAL OF TEXAS

By J. A. Ellis
J. A. Ellis
Assistant

JAE:djm

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN